UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALBERTO RIVERA, Individually and on Behalf
of All Other Persons Similarly Situated,

            Plaintiff,

    v.

WHOLE FOODS MARKET GROUP, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:14-cv-5025 (VM)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

Douglas B. Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10016-6705

Jeffrey Gottlieb and Dana Gottlieb
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003

*Attorneys for Plaintiff*

TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES ........................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................... 1
PROCEDRUAL HISTORY ........................................................................................................... 2
LEGAL ARGUMENT .................................................................................................................... 2

I.   WHOLE FOODS FALLS SHORT IN SATISFYING ITS BURDEN THIS
     LAWSUIT WAS PROPERLY REMOVED ON DIVERSITY JURISDICTION
     BASIS .................................................................................................................................. 2

     A.   Whole Foods Falls Short In Establishing The Amount In Controversy
          Requirement ............................................................................................................. 3

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

CASES

*Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*,
592 F. Supp. 2d. 522 (S.D.N.Y. 2008) .................................................................................. 5

*Bellochio v. Enodis Corp.*,
499 F. Supp. 2d 254 (E.D.N.Y. 2007) ................................................................................... 6

*Blockbuster, Inc. v. Galeno*,
472 F.3d 53 (2d Cir. 2006) ..................................................................................................... 2

*Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*,
368 F.3d 86 (2d Cir. 2004) ..................................................................................................... 2

*Davenport v. Procter & Gamble Mfg. Co.*,
241 F.2d 511 (2d Cir. 1957) ................................................................................................... 3

*DeMarco v. MGM Transp.*,
No. 06-cv-307 (FB) (JO) 2006 U.S. Dist. LEXIS 10121 (E.D.N.Y. Feb. 24, 2006) ........... 6

*Gilman v. BHC Securities, Inc.*,
104 F.3d 1418 (2d Cir. 1997) ............................................................................................ 3, 4

*Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*,
No. 02-cv-9580 (GEL), 2003 U.S. Dist. LEXIS 17507 (Oct. 2, 2003 S.D.N.Y.) ............... 5

*John Wiley & Sons v. Glass*,
No. 10-cv-598 (PKC), 2010 U.S. Dist. LEXIS 44986 (S.D.N.Y. May 7, 2010) ................. 3

*Lupo v. Human Affairs Int'l, Inc.*,
28 F.3d 269 (2d Cir. 1994) ................................................................................................ 4, 6

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
298 U.S. 178 (1936) ................................................................................................................ 4

*Mehlenbacher v. Akzo Nobel Salt, Inc.*,
216 F.3d 291 (2d Cir. 2000) ................................................................................................... 3

*Panam Mgmt. Group v. Peña*,
No. 08-cv-2258 (JFB) (ARL), 2010 U.S. Dist. LEXIS 95927
(E.D.N.Y. Sept. 14, 2012) ...................................................................................................... 4

*Shamrock Oil & Gas Corp. v. Sheets*,
313 U.S. 100, 85 L. Ed. 1214, 61 S. Ct. 868 (1941) .............................................................. 4

*Somlyo v. J. Lu-Rob Enterprises, Inc.*,
932 F.2d 1043 (2d Cir. 1991) ..................................................................................................... 4

*Villa of Kiryas Joel v. Village of Woodbury*,
No. 11-cv-8494 (ER), 2012 U.S. Dist. LEXIS 44312 (S.D.N.Y. March 29, 2012) ............ 2

*Villafana v. So*,
No. 13-cv-180 (KNF), 2013 U.S. Dist. LEXIS 76832 (S.D.N.Y May 29, 2013) ................ 4

*Zahn v. Int'l Paper Co.*,
414 U.S. 291 (1973) ..................................................................................................................... 4

<u>STATUTES</u>

28 U.S.C. § 1332(a) ..................................................................................................................... 3

28 U.S.C. § 1332(d)(6) ............................................................................................................... 5

28 U.S.C. § 1447(a) ..................................................................................................................... 2

Plaintiff Alberto Rivera submits this Memorandum of Law in support of his Motion to Remand this lawsuit to the Supreme Court of the State of New York under 28 U.S.C. § 1447 (c) (the "Motion").

PRELIMINARY STATEMENT

Plaintiff Rivera filed a putative class action in the Supreme Court of the State of New York that alleges Defendant Whole Foods Market Group, Inc. violated the New York Labor Law by unlawfully retaining gratuities that belong to Rivera and the putative class members. Whole Foods subsequently invoked this Court's limited jurisdiction by removing this matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). But Whole Foods falls short in establishing a fundamental requirement to sustain its removal: the amount in controversy exceeds the $75,000 threshold.

Whole Foods relies on nothing but a single, sweeping, conclusory statement the amount in controversy exceeds the $75,000 jurisdictional threshold. It does not explain how it arrived at the $75,000; it does not point to any allegations in the Complaint; and it does not offer any supporting calculations. Nothing. Recognizing they are courts of limited jurisdiction, District Courts within the Second Circuit routinely grant motions to remand when a removal is predicated on nearly identical threadbare pleadings as Whole Foods'.

At bottom, Whole Food's Notice of Removal is fatally flawed and this matter should be remanded.

PROCEDRUAL HISTORY

On May 21, 2014, Plaintiff Rivera filed a putative class action in the Supreme Court of the State of New York, which was then served upon Whole Foods on June 6, 2014.[1]  Whole Foods subsequently filed its July 3, 2014 Notice of Removal.[2]

LEGAL ARGUMENT

I.   WHOLE FOODS FALLS SHORT IN SATISFYING ITS BURDEN THIS LAWSUIT WAS PROPERLY REMOVED ON DIVERSITY JURISDICTION BASIS

On a motion to remand under 28 U.S.C. § 1447(a), the party seeking to sustain removal from state to federal court, here Whole Foods, shoulders the burden of demonstrating that removal was proper.  If that party fails to sustain this burden, then the case must be remanded back to state court.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-59 (2d Cir. 2006) (holding traditional rule the party asserting federal jurisdiction bears the burden of establishing jurisdiction); *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (explaining that on a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal"); *Villa of Kiryas Joel v. Village of Woodbury,* No. 11-cv-8494 (ER), 2012 U.S. Dist. LEXIS 44312, at *7 (S.D.N.Y. March 29, 2012) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper.").  Here, Whole Foods has removed this matter solely on the basis of

---

[1] Defendant Whole Foods Market Group Inc.'s July 3, 2014 Notice of Removal ("Removal") (Dkt. No. 1) Exs. 1-2, ¶ 4.
[2] *Id.*

diversity jurisdiction under 28 U.S.C. § 1332(a).[3]  It must therefore establish both elements of diversity jurisdiction to sustain its removal:  (1) the parties are of diversity citizenship; and (2) the amount in controversy "exceeds the sum or value of $75,000, exclusive of costs and interests."  28 U.S.C. § 1332(a).

    A.    Whole Foods Falls Short In Establishing The Amount In Controversy Requirement

Whole Food's Notice of Removal falls flat for the fundamental reason it has not established Plaintiff Rivera's claim exceeds the $75,000 amount in controversy jurisdictional threshold.  The Complaint should therefore be remanded.

The Second Circuit has repeatedly made clear the removing defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) (explaining the removing party "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount"); *see also John Wiley & Sons v. Glass,* No. 10-cv-598 (PKC), 2010 U.S. Dist. LEXIS 44986, at *5 (S.D.N.Y. May 7, 2010) (same).  The defendant "must justify [its] allegations that [the plaintiff's] complaint asserts claims exceeding [$ 75,000] by a preponderance of evidence." *Gilman*, 104 F.3d at 1421. To determine whether defendant meets this burden, courts "look first to the plaintiffs' complaint and then to [defendant's] petition for removal." *Mehlenbacher*, 216 F.3d at 296 (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).  During this analysis, "Out of respect for the independence of state courts, and in order to control the federal docket,

---

[3] Removal ¶¶ 1-2.

'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)).

Under this framework, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). It is therefore not enough if the removal pleadings merely contain a "conclusory statement that the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332 *see* [*Gilman*, 104 F.3d at 1428], nor a 'mere averment,' is enough to satisfy the defendants' burden." *Villafana v. So*, No. 13-cv-180 (KNF), 2013 U.S. Dist. LEXIS 76832, at *4 (S.D.N.Y May 29, 2013) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (internal citations omitted)); *John Wiley & Sons*, 2010 U.S. Dist. LEXIS 44986, at *6-8 ("A conclusory statement by a removing party that the amount in controversy requirement is satisfied is not enough to invoke this Court's jurisdiction.").

Importantly, where, like here, a party removes a putative class action complaint on diversity jurisdiction basis, the removing party cannot aggregate the putative class members' claims to satisfy the amount in controversy threshold. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973) ("each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case"). The Second Circuit has likewise held it is improper to aggregate putative class

members' claims to meet the threshold amount when the class action is based on common questions of law or fact – like the instant matter. *See Gilman*, 104 F.3d at 1424-25; *see also Panam Mgmt. Group v. Peña*, No. 08-cv-2258 (JFB) (ARL), 2010 U.S. Dist. LEXIS 95927, at *9 (E.D.N.Y. Sept. 14, 2012) ("As a general rule, multiple plaintiffs may not aggregate their claims in order to satisfy the amount-in-controversy requirement."); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02-cv-9580 (GEL), 2003 U.S. Dist. LEXIS 17507, at *12 (Oct. 2, 2003 S.D.N.Y.) ("In a diversity class action, members of the proposed class are generally not permitted to aggregate their claims to achieve the required jurisdictional amount."). By contrast, the Class Action Fairness Act ("CAFA") permits aggregating class members' claims to determine whether its $5,000,000 amount in controversy requirement is met. 28 U.S.C. § 1332(d)(6); *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d. 522, 527 (S.D.N.Y. 2008) ("Unlike the general diversity statute which requires that at least one claim meet the amount in controversy minimum of seventy-five thousand dollars, CAFA explicitly provides for aggregation of each member's claim in determining whether the five million dollar amount in controversy requirement is met."). But Whole Foods did not remove this matter under CAFA; it removed this matter based on diversity jurisdiction under 28 U.S.C. § 1332(a) by claiming the amount in controversy exceeds $75,000.[4] Its burden is therefore to establish Plaintiff Rivera's claim exceeds $75,000.

As the Complaint does not assert an amount in controversy, Whole Foods attempts to meet its burden by offering only a threadbare, conclusory statement: "There is

---

[4] *Id.* ¶ 2.c.

more than $75,000 exclusive of interest and costs in controversy in this action."[5] And nothing more. When faced with similar pleadings, District Courts within the Second Circuit have routinely held defendants did not meet their burden and remanded the matters to state court. *See, e.g., Villafana*, 2013 U.S. Dist. LEXIS 76832, at *2, 4 (granting motion to remand where removal pleading states only "Upon information and belief, the amount in controversy in this action exceeds the $75,000 required for Federal District Court Jurisdiction"); *Bellochio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007) (granting motion to remand where the complaint does not assert the amount in controversy and the remand notice "makes the conclusory assertion that 'the matter in controversy . . . exceeds the sum of $75,000.'"); *DeMarco v. MGM Transp.*, No. 06-cv-307 (FB) (JO) 2006 U.S. Dist. LEXIS 10121, at *4 (E.D.N.Y. Feb. 24, 2006) (granting motion to remand where the Complaint does not set forth the amount in controversy and the notice "provides no additional detail about the specific damages sought . . . Such a boilerplate pleading cannot satisfy the removing party's burden to establish the amount in controversy."). Whole Foods has thus failed to establish Plaintiff Rivera's claim meets the $75,000 threshold. *See Lupo*, 28 F. 3d at 273-74. This matter should therefore be remanded.

---

[5] *Id.*

## CONCLUSION

For the foregoing reasons, it is respectfully requested the Court grant (1) Plaintiff's Motion and remand this matter to the Supreme Court of the State of New York, New York County; and (2) such other and further relief as the Court deems just and proper.

Dated: August 4, 2014
       New York, New York

                      Respectfully submitted,
                      BRONSON LIPSKY LLP

                      By: s/ Douglas B. Lipsky
                      Douglas B. Lipsky
                      630 Third Avenue, Fifth Floor
                      New York, New York 10017

                      Jeffrey M. Gottlieb (JG-7905)
                      nyjg@aol.com
                      Dana L. Gottlieb (DG-6151)
                      danalgottlieb@aol.com
                      GOTTLIEB & ASSOCIATES
                      150 East 18th Street, Suite PHR
                      New York, New York 10003
                      Phone: 212.228.9795
                      Fax: 212.982.6284

                      *Attorneys for Plaintiff Rivera*